CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 21 2007

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MELISSA AUSTIN, | ) | Civil Action No. 7:06cv622 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | By: James C. Turk |
| Defendant. | ) | Senior United States District Judge |

The plaintiff, Melissa Austin ("Austin"), was denied disability benefits and supplemental security income benefits by the Commissioner of Social Security. Austin appealed the decision to this court, and the matter was referred to United States Magistrate Judge Michael F. Urbanski for a Report and Recommendation. On October 18, 2007, the magistrate issued an opinion recommending that this court affirm the Commissioner's decision denying benefits. On October 23, 2007, Austin filed her objections to the magistrate's recommendations. Neither party requested oral arguments and accordingly, the case is now ripe for decision. For the following reasons, the magistrate's Report and Recommendation will be adopted in full.

### I.

This case is currently before the court on the Report and Recommendation of the United States Magistrate Judge. The magistrate concluded that substantial evidence supports the Commissioner's decision that Austin does not satisfy the Social Security Act's entitlement conditions for Disability Insurance Benefits and Supplemental Security Income. Austin raises two objections to the magistrate's Report and Recommendation. First, she contends that the

Commissioner's finding that there is work in the national economy that Austin can perform is not supported by substantial evidence, because the Administrative Law Judge ("ALJ") failed to pose a hypothetical question to the Vocational Expert ("VE") that accurately portrayed the ALJ's Residual Functional Capacity ("RFC") findings. Second, Austin argues that the ALJ's RFC findings are not supported by substantial evidence because the ALJ failed to accord proper weight to the opinion of Austin's treating specialist, Dr. Meyer.

## II.

The court reviews de novo the Magistrate's Report and Recommendation. See 28 U.S.C. § 637(b)(1) (2000). The court must determine whether the Commissioner's findings are supported by substantial evidence and whether the correct legal standards were applied. See 42 U.S.C. § 405(g) (2000). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).

As the presiding officer at the administrative hearing, the ALJ makes factual determinations and resolves evidentiary conflicts. Hines v. Bowman, 872 F.2d 56 (4th Cir. 1989). The court gives deference to the ALJ's factual determinations and reviews them only for clear error. Estep v. Richardson, 459 F.2d 1015, 1017 (4th Cir. 1972).

## III.

After conducting a de novo review of the administrative record, the court accepts the magistrate judge's Report and Recommendation and finds that the Commissioner's conclusion that Austin does not satisfy the Social Security Act's entitlement conditions is supported by substantial evidence. In making this finding, the court overrules Austin's objections to the

Report and Recommendation. These objections will be addressed in turn.

Austin first argues that the ALJ failed to pose a hypothetical question which accurately portrayed the ALJ's RFC findings, in that while the ALJ found that Austin must avoid temperature extremes and vibration and can have no more than occasional contact with supervisors, co-workers, and the public, he did not include these limitations in the hypothetical question presented to the VE. Accordingly, Austin contends that the VE's response to the ALJ's incomplete hypothetical cannot constitute substantial evidence that there are jobs in the national economy that Austin can perform.

As the magistrate judge determined, and the Commissioner admits, the ALJ erred in finding that Austin must avoid temperature extremes and vibration and can have no more than occasional contact with supervisors, co-workers, and the public. There is no evidence in the administrative record that supports a conclusion that Austin needs to avoid vibrations and limit her contact with supervisors, co-workers, and the public. Furthermore, the only medical evidence in the record that supports a finding that Austin needs to avoid temperature extremes comes from the opinion of Dr. Meyer–an opinion which, as discussed below, the ALJ accorded little weight. The ALJ's failure to include these limitations in his hypothetical to the VE therefore constituted harmless error. Accordingly, the court finds that substantial evidence supports the ALJ's conclusion that Austin has the RFC to perform jobs in the national economy.

Austin next argues that the ALJ erred in failing to accord proper weight to the opinion of Austin's treating specialist, Dr. Meyer. As the magistrate judge correctly noted, however, Meyer only saw Austin on three occasions from November 7, 2005 to December 30, 2005, the third visit being for the sole purpose of reviewing documents for Austin's disability claim. As such, the

court agrees with the magistrate's conclusion that the physician-patient relationship between Meyer and Austin was negligible. The ALJ was therefore not constrained to afford Dr. Meyer's opinion great weight. After reviewing the administrative record, the court finds substantial evidence to support the ALJ's conclusion that Dr. Meyer's opinion was not supported by objective testing and was inconsistent with other medical testimony of record. Substantial evidence also supports the ALJ's reliance on the opinion of the ME, Dr. Alexander, as his opinion is consistent with the objective evidence of record. Accordingly, neither the ALJ, nor the magistrate, was in error.

## IV.

After a de novo review of the record, the court finds that the ALJ's decision was supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, the court will adopt the magistrate's Report and Recommendation in full and overrule Austin's objections. An appropriate order shall this day issue.

The clerk is directed to send copies of this Memorandum Opinion and accompanying Order to all counsel of record.

ENTER: This 21st day of November, 2007.

_James C. Turk_
Senior United States District Judge

4